IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATTY L. BIVENS,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:20-CV-1904-K-BH |
| | § | |
| KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br>    Defendant. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is the plaintiff's *Motion for Award of Attorney Fees*, filed March 25, 2022 (doc. 27). Based on the relevant findings, evidence, and applicable law, the application should be **GRANTED in part**.

**I. BACKGROUND**

On July 20, 2020, Patty L. Bivens (Plaintiff) filed a complaint seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner)[2] denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. (doc. 1.)[3] On March 22, 2022, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 24-26.) Plaintiff subsequently moved for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (doc. 27.) The Commissioner objects to some of the hours claimed and the hourly billable rates.

---

[1] By *Special Order No. 3-251*, this social security appeal was automatically referred for full case management.

[2] At the time this appeal was filed, Andrew Saul was the Commissioner of the Social Security Administration, but Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, so she is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(doc. 29.)

## II. ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party";[4] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[5] *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Id.* (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987). The claimant has the burden of demonstrating that the

---

[4]To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

[5]The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000). "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

Here, as the prevailing party, Plaintiff requests a total of $7,662.99 in attorney's fees based on 34.45 hours of attorney work for litigating this appeal in federal court and 1 hour of attorney work for preparing the EAJA application. (docs. 27 at 3; 27-1 at 2.) She has submitted a billing summary setting out detailed time entries for the legal services rendered by counsel.[6] (doc. 27-1.) The entries show the amount of time expended for each activity and are organized by the date the legal services were rendered in this case between June 8, 2020 and March 24, 2022.[7] (*Id*.) The billing summary reflects 5 hours at a rate of $207.78 for work performed in 2020, and 30.45 hours at a rate of $217.54 for work performed in 2021 and 2022. (*Id.* at 2.)

**A.   Clerical Tasks**

The Commissioner argues that Plaintiff "requests 2 hours that included tasks that were clerical in nature and did not require the exercise of legal judgement or knowledge." (doc. 29 at 2.) She contends that "this request should be reduced by 1 hour for clerical tasks to 1 hour of work." (*Id*. at 3.) Plaintiff responds that her attorney is a "solo practitioner and performs all work himself," and that the two hours referenced by the Commissioner involved tasks that require the "exercise of legal judgment and knowledge." (doc. 30. at 2.)

---

[6]Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).

[7]While some of the entries for multiple activities identify the amount of time expended on each activity, other entries use "block billing," in which multiple activities are lumped in a single time entry. *See C & D Production Services v. U.S. Dep't of Labor*, 376 F. App'x 392, 394 (5th Cir. 2010). It is therefore difficult at times to determine how much time was spent on specific tasks.

"Purely clerical tasks may not be properly billed at an attorney rate." *Culmer v. Berryhill*, No. 4:18-CV-1266, 2019 WL 2526720, at *1 (S.D. Tex. May 30, 2019), *adopted by* No. CV H-18-1266, 2019 WL 2524235 (S.D. Tex. June 19, 2019); *see also Martinez v. Refinery Terminal Fire Co.*, No. 2:11-CV-00295, 2016 WL 4594945, at *6 (S.D. Tex. Sept. 2, 2016) ("Examples of clerical tasks include calendaring, printing, filing, obtaining information about court procedures, and delivering pleadings."). According to the billing summary, on June 25, 2020, Plaintiff's attorney spent two hours reviewing the file; preparing and filing the complaint, civil cover sheet, summonses, certificate of interest persons, and an *in forma pauperis* application; and sending copies to the client. (doc. 27-1 at 1.) The time spent by Plaintiff's attorney reviewing the file and drafting pleadings requires some legal skill and knowledge and is recoverable under the EAJA. The time he spent preparing court forms and applications, filing pleadings, and sending copies should be disallowed as clerical work, however. *See Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014) ("[H]ours spent drafting cover letters to the court, calendaring deadlines, filing appearance forms, ordering transcripts, reorganizing case materials, and filing notices of address change are not compensable because they are clerical in nature."); *Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *8 (N.D. Tex. Feb. 11, 2011) (holding that "preparing exhibits, serving and filing proofs of service, organizing files, faxing drafts, telephone conferences with an assistant, organizing research, telephone conferences with chambers regarding status, and emailing comments to co-counsel about the court's opinion" were noncompensable clerical tasks).

As noted, Plaintiff bears the burden of showing the reasonableness of the number of hours sought. *See Von Clark*, 916 F.2d at 259; *see also Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987). The amount of time that was apportioned between recoverable legal work and for

noncompensable clerical work is is unclear from the billing entry on June 25, 2020. (*See* doc. 27-1 at 1.) "Where the documentation of hours is inadequate," which hampers a court's ability to make an informed decision regarding the reasonableness of hours claimed, "the district court may reduce the award accordingly" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Accordingly, the total number of attorney hours on June 25, 2020, should be reduced by one hour. *See Hayes v. Astrue*, No. 3:09-CV-2018-G BK, 2010 WL 5479611, at *2 (N.D. Tex. Dec. 3, 2010), *adopted by* No. 3:09-CV-2018-G BK, 2011 WL 9049 (N.D. Tex. Jan. 3, 2011) (finding total attorney hours sought as unreasonable and reducing hours for clerical tasks); *see also Velez v. Barnhart*, No. CIV.A. SA:01-CA-1023-NN, 2002 WL 31396106, at *3 (W.D. Tex. Sept. 25, 2002) (reducing 23.8 attorney work hours to 14.8 hours for unreasonable research and clerical tasks).

B.  **Hourly Rate**

The Commissioner argues that the requested hourly rates of $207.78 for work performed in 2020, and $217.54 for work performed in 2021 and 2022, are not appropriate under the EAJA. (doc. 29 at 3-4.)

The EAJA provides that "[t]he amount of fees awarded ... shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has construed the "cost-of-living" provision as part the statutory cap itself, which it has termed as the "[$125] cap (adjusted for inflation)" or "[$125] per hour (adjusted for inflation)." *Pierce v. Underwood*, 487 U.S. 552, 571-74 (1988). Based on the statutory language and Congressional intent, the Fifth Circuit has "likewise ... recognize[d]" that the "cost-of-living" and the "special factor" exceptions constitute

"two independent prongs for fee adjustment" under the EAJA. *Hall v. Shalala*, 50 F.3d 367, 369-70 (5th Cir. 1995) (citing *Baker v. Bowen*, 839 F.2d 1075, 1085 n.4 (5th Cir. 1988)).

Regarding the first prong, the Fifth Circuit has held that "[e]xcept in unusual circumstances," "if there is a significant difference in the cost of living since [the enactment of the EAJA] in a particular locale that would justify an increase in the fee, then an increase should be granted." *Baker*, 839 F.2d at 1084. The award need not track the cost-of-living index for that geographical area, but that index is a significant indicator. *Id.* The resulting figure is only a maximum rate, not a floor, however, and "a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case." *Hall*, 50 F.3d at 370. Ultimately, in order to satisfy the dual purposes of the EAJA "to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers," "rates should be increased only to the extent necessary to ensure [such] representation and should never exceed the percentage by which the market rate attorney's fees have increased since the statute was enacted in 1981." *Baker*, 839 F.2d at 1082-84.

Here, Plaintiff requests a billing rate of $207.78 per hour for attorney services performed in 2020, and $217.54 per hour for attorney services performed in 2021 and 2022. (doc. 27 at 3.) She does not state that these rates are appropriate based on a cost-of-living adjustment for the Dallas-Fort Worth area, explain how they were determined, or identify a "special factor" to justify them in this case. *See* 28 U.S.C. § 2412(d)(2)(A).[8] The hourly rates requested by Plaintiff should therefore be

---

[8]Plaintiff attached copies of a June 2021 order from the Fort Worth Division awarding her attorney EAJA fees at an hourly rate of $207.78, as well as the Ninth Circuit's EAJA fee rates schedule, which lists the statutory maximum hourly rates, adjusted for increases in the cost of living, for 2021 at $217.54 and for 2020 at $207.78, to her reply. (*See* docs. 30-1, 30-2.) These exhibits were not initially filed with her motion, however. The Local Civil Rules for the Northern District of Texas do not permit the filing of evidence in support of a reply. *See* L.R. 7.1(f) (permitting the filing of a reply brief). A movant is not ordinarily permitted to introduce new evidence in support of a reply because such action deprives the non-movant of a meaningful opportunity to respond. *See Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239-240 (N.D. Tex. 1991). It is therefore not considered. *See id.* at 240 ("[W]here

rejected. *See Arteaga v. Saul*, No. 4:18-CV-3475, 2020 WL 7010036, at *2 (S.D. Tex. May 14, 2020) ("The Court has wide discretion in calculating any increase in the hourly rate.").

The Consumer Price Index (CPI), as furnished by the U.S. Bureau of Labor Statistics (BLS), has been used to determine the appropriate amount for cost of living increases under the EAJA. *See Cavazos v. Astrue*, No. CA C-09-361, 2011 WL 1004941, at *4 (S.D. Tex. Mar. 1, 2011), *adopted by* 2011 WL 977519 (S.D. Tex. Mar. 16, 2011) (citing *Bode v. United States*, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) (per curiam)). Specifically, courts in this division have repeatedly used the CPI for the Dallas-Fort Worth area (DFW CPI) to calculate the appropriate hourly rate for attorneys under the EAJA. *See Bates v. Colvin*, No. 3:13-CV-1659-L-BK, 2014 WL 408052, at *5 (N.D. Tex. June 5, 2014) ("[T]he DFW CPI has been repeatedly applied in EAJA fee award calculations, largely leading to the required uniformity.") (collecting cases). Using the DFW CPI,[9] the hourly rates for attorney's fees, including a cost of living adjustment, would be $200.84 for attorney services performed in 2020,[10] $211.37 per hour for attorney services performed in 2021,[11] and $226.72 per hour for attorney services performed in March 2022.[12]

---

a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court [ ] retains the discretion to decline to consider them."). Even if considered, however, Plaintiff's new evidence would not change the recommendation.

[9] The annual, semi-annual, and monthly CPI for each metro area can be accessed on BLS's website. *See* https://www.bls.gov/cpi/regional-resources.htm (lasted visited April 19, 2022).

[10] To compute the annual cost of living adjustment for 2020, the difference between the original and 2020 DFW CPI is first calculated. The average DFW CPI in 1996, the year the EAJA was amended to set the hourly rate for attorney's fees at $125, was 148.8, and the average DFW CPI in 2020 was 239.081, so the difference is 90.281. That difference is divided by 148.8 to determine the percentage of increase in the CPI, which equals 60.67%. Next, $125 (the hourly rate established in 1996) is multiplied by the latter figure to determine the hourly rate increase, which equals $75.84. That amount is added to $125 to determine the adjusted hourly attorney fee rate for the DFW area of $200.84.

[11] For 2021, the average DFW CPI was 251.620. Multiplying $125 by the CPI percentage increase since 1996 yields an hourly rate of $211.37 for work completed in 2021.

[12] Because the monthly DFW CPI for March 2022 is available and the billing entries for 2022 are confined to March 2022, the March 2022 index number is used to calculate the rate for services in 2022. The DFW CPI in April 1996 was 148.5, and the March 2022 DFW CPI was 269.347, so the difference is 120.847. The difference is divided by

In conclusion, the total number of attorney hours in 2020 should be reduced by one hour, and Plaintiff's requested hourly rates for 2020 and 2021 should be reduced to $200.84 and $211.37, respectively, and the hourly rate for 2022 should be increased to $226.72.

### III.  RECOMMENDATION

Plaintiff's motion should be **GRANTED in part**, and she should be awarded $7,277.95 in attorney's fees as follows:

(1) 4 hours of attorney work for litigating Plaintiff's appeal in 2020 at an hourly rate of $200.84 ($803.36);

(2) 27.95 hours of attorney work for litigating Plaintiff's appeal in 2021 at an hourly rate of $211.37 ($5,907.79);

(3) 1.5 hours of attorney work for litigating Plaintiff's appeal in 2022 at an hourly rate of $226.72 ($340.08); and

(4) 1 hour of attorney work for preparation of EAJA attorney's fees application in 2022 at an hourly rate of $226.72 ($226.72).

The award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to her counsel.[13]

**SO RECOMMENDED** this 20th day of April, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

148.5 to determine the percentage of increase in the CPI, which equals 81.38%. This figure is multiplied by $125 to determine the hourly rate increase, which equals $101.72. That amount is added to $125 to determine the adjusted hourly attorney fee rate for the DFW area of $226.72.

[13] The Supreme Court has held that an award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE